# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6031/6032/6036 NE

_____

| | | |
|---|---|---|
| In re: Corn-Pro Nonstock Cooperative, Inc., | * | |
| | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeals from the United States |
| Cooperative Supply, Inc. and | * | Bankruptcy Court for the District |
| Darwin Franzen, | * | of Nebraska |
| | * | |
| PetitioningCreditors-Appellants/ | * | |
| Cross-Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| Corn-Pro Nonstock Cooperative, Inc., | * | |
| | * | |
| Debtor-Appellee/Cross-Appellant. | * | |

_____

Submitted: October 27, 2004
Filed: November 10, 2004

_____

Before KRESSEL, Chief Judge, SCHERMER, and FEDERMAN, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

## FACTUAL BACKGROUND

These appeals arise out of an involuntary bankruptcy petition which was filed by Cooperative Supply, Inc. and Darwin Franzen (Petitioning Creditors) against debtor Corn-Pro Nonstock Cooperative, Inc. (Corn-Pro). In response to the involuntary petition, on July 29, 2003, Corn-Pro filed a motion to dismiss, contending that, as a "farmer," within the meaning of the Bankruptcy Code (the Code),[1] it is not eligible to be the subject of an involuntary bankruptcy proceeding.[2] The bankruptcy court scheduled a continued hearing on the motion to dismiss for February 3, 2004. Before such hearing occurred, the parties filed cross-motions for summary judgment, with supporting affidavits and documentation, concerning the issue of whether Corn-Pro is, indeed, a farmer. By order entered January 26, 2004, the bankruptcy court granted Corn-Pro's motion for summary judgment, based on its determination that Corn-Pro was, indeed, a farmer not subject to an involuntary petition.[3] The court also denied the Petitioning Creditors' motion for summary judgment. The court specifically stated that the order of January 26, 2004, was not a final order for appeal purposes. The court stated in the order that it would "entertain Corn-Pro's request for damages under 11 U.S.C. § 303(i) and enter judgment at that time."[4] On that same date, the court continued the hearing on the motion to dismiss until such time as it made a final ruling on "Order # 65,"[5] the order on summary judgment.

---

[1]11 U.S.C. § 101(20).

[2]11 U.S.C. § 303(a).

[3]Case No. 03-83232, Doc. # 65.

[4]*Id.*

[5]Doc. # 66.

On February 18, 2004, Corn-Pro filed a motion for attorney's fees and costs under section 303(i)(1) and (2).[6] On May 11, 2004, the court held a hearing on Corn-Pro's motion and on June 1, 2004, it issued an order denying Corn-Pro's request for attorney's fees and costs. In the order of June 1, 2004, the bankruptcy court stated as follows: "This order is a supplement to the order granting summary judgment, Filing No. 65. This order and Filing No. 65 are now final orders for appeal purposes."[7]

On June 10, 2004, the Petitioning Creditors filed separate Notices of Appeal in identical form from the January 26, 2004 order. On June 16, 2004, Corn-Pro filed a notice of appeal from the June 1, 2004 order. The bankruptcy court has yet to rule on the motion to dismiss.

## JURISDICTION

Prior to oral argument, we notified the parties that they should be prepared to discuss the issue of our jurisdiction to hear the appeals.[8] Whether raised by the parties or not, an appellate court must ascertain for itself whether it has jurisdiction to proceed.[9]

In its motion for summary judgment, Corn-Pro requested "that the Court grant Corn-Pro its motion for summary judgment, that the court dismiss the involuntary petition with prejudice, and that the court retain jurisdiction over this matter solely

---

[6]Doc. # 72.

[7]Appellant's Appendix, # 11.

[8]Order, dated October 6, 2004.

[9]*Bender v. Williamsporr Area School* Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986); *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

for the purpose of determining Corn-Pro's damages under 11 U.S.C. § 303(i)(1) and (2).[10] In its order of January 26, 2004, the court agreed that Corn-Pro, as a farmer, could not be subject to an involuntary petition, but the court did not deal with the other issues. Most specifically, it did not enter an order dismissing the case. Thus, the order of January 26, 2004, is not a final order.

On February 18, 2004, Corn-Pro filed a motion for attorney's fees and costs under section 303(i)(1) and (2).[11] On May 11, 2004, the court held a hearing on Corn-Pro's motion and on June 1, 2004, it issued an order denying Corn-Pro's request for attorney's fees and costs. The order of June 1, 2004, referenced the January order, and said that both orders were now final for appeal purposes.

The problem with the June order is that the bankruptcy court could not consider the issue of attorney's fees and costs–and neither can we--before ruling on the motion to dismiss. The Code authorizes a bankruptcy court to award attorney's fees and costs only upon the dismissal of an involuntary petition:

> (i) If the court <u>dismisses</u> a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
>
> > (1) against the petitioners and in favor or the debtor for –
> >
> > > (A) costs; or
> > >
> > > (B) a reasonable attorney's fee.[12]

---

[10]Appellant's Appendix # 5.

[11]Doc. # 72.

[12]11 U.S.C. § 303(i)(1) (emphasis added).

The plain language of this section requires dismissal before the alleged debtor becomes entitled to damages.[13] We, therefore, dismiss these appeals for lack of jurisdiction.

Pursuant to Rule 7054(b) of the Federal Rules of Bankruptcy Procedure, the bankruptcy court should enter a single judgment disposing of both the motion to dismiss and the request for fees.

———————————

---

[13]*Higgins v. Vortex Fishing Systems, Inc. (In re Vortex Fishing Systems, Inc. )*, 379 F.3d 701, 705 (9th Cir. 2004).