**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: MAPLE-
WHITWORTH, INC.,

*Debtor*

MICHAEL N. SOFRIS, aka Sofris
APC,

*Appellant,*

v.

MAPLE-WHITWORTH, INC.; UNITED
STATES TRUSTEE; LARRY
WEINSTOCK; MICA BINTU-BROWN;
and EMANUEL PEREZ,

*Appellees.*

No. 07-56537

BAP No.
CC-06-01098-KNB
Central District of
California,
Los Angeles

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Nielsen, and Brandt, Bankruptcy Judges, Presiding

Argued and Submitted
December 9, 2008—Pasadena, California

Filed February 10, 2009

Before: John T. Noonan and Barry G. Silverman,
Circuit Judges, and Suzanne B. Conlon,* District Judge.

Opinion by Judge Conlon

*The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

## COUNSEL

Michael N. Sofris, Michael N. Sofris APC, Beverly Hills, California, for appellant Michael N. Sofris, aka Sofris APC.

Jerry Kaplan; David Scott Kadin, Kaplan, Kenegos & Kadin, Beverly Hills, California, for appellee Maple-Whitworth, Inc.

## OPINION

CONLON, District Judge:

This appeal involves an award of $42,257 in attorneys' fees and costs pursuant to 11 U.S.C. § 303(i)(1), after dismissal of an involuntary bankruptcy petition. The purported debtor, Maple-Whitworth, Inc., sought fees and costs against only one petitioner, appellant Michael N. Sofris. But the bankruptcy court entered the award against some of the other peti-

tioners who were served with the motion, under a theory of joint and several liability. The bankruptcy court failed to rule on a challenge to the award based on a waiver theory. A divided Bankruptcy Appellate Panel (BAP) affirmed the award to fewer than all petitioners. The majority held that § 303(i)(1) is governed by the common law theory of joint and several liability. The BAP also found that the bankruptcy court properly handled the waiver issue.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). The § 303(i)(1) award is affirmed in part, reversed in part, and remanded to the bankruptcy court for resolution of the waiver issue.

## The Bankruptcy Court Proceedings

This litigation arose from a dispute over control and ownership of a Maple-Whitworth apartment building in Beverly Hills, California. Two groups claimed control. Sofris was aligned with the Mayman-Nathan faction, while appellee Maple-Whitworth sided with the Marlowe-Shlush faction. Sofris, joined by others in the Mayman-Nathan faction, filed an involuntary Chapter 7 petition against Maple-Whitworth under 11 U.S.C. § 303(a)-(b). The bankruptcy court dismissed the petition.

Maple-Whitworth viewed Sofris as the ringleader of the Mayman-Nathan faction and sought attorneys' fees and costs only against him under § 303(i). In opposing the motion, Sofris offered evidence that Robert Nathan, a Mayman-Nathan faction member, executed a release on behalf of Maple-Whitworth, waiving its right to costs and fees. Maple-Whitworth contested Nathan's authority to waive its rights.

Initially, the bankruptcy court ruled that fees and costs must be awarded against all petitioners as a class, and ordered Maple-Whitworth to serve all petitioners with its § 303(i) motion. The bankruptcy court's award was entered against all

petitioners effectively served with the motion. The court based its decision on the tort theory of joint and several liability. The court did not make findings regarding the validity of Nathan's release, but rather observed that the issue of control over Maple-Whitworth would be resolved in pending state court proceedings.

## The Bankruptcy Appellate Panel Decision

A divided BAP affirmed the bankruptcy court's award of attorneys' fees and costs. *Michael N. Sofris, APC v. Maple-Whitworth, Inc.* (*In re Maple-Whitworth, Inc.*), 375 B.R. 558 (B.A.P. 9th Cir. 2007). The majority agreed liability under § 303(i) is governed by the common law tort doctrine of joint and several liability. It also held that a debtor may bring a § 303(i) motion against fewer than all petitioners. The BAP concluded that the bankruptcy court correctly handled Sofris' waiver claim based on the Nathan release. Sofris timely appeals.

## Standard of Review

The bankruptcy court's conclusions of law are reviewed *de novo*, and its factual findings for clear error. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir. 2003). The bankruptcy court's interpretation of bankruptcy statutes are conclusions of law subject to the *de novo* standard. *Beam v. IRS (In re Beam)*, 192 F.3d 941, 943 (9th Cir. 1999). A decision whether to award attorneys' fees and costs under § 303(i)(1) is reviewed for an abuse of discretion. *Higgins v. Vortex Fishing Systems, Inc.*, 379 F.3d 701, 705 (9th Cir. 2004). Decisions of the BAP are reviewed *de novo*. *In re Summers*, 332 F.3d at 1242.

## Discretionary Relief under § 303(i)

**[1]** Section 303(i) provides that a court *may* grant a debtor reasonable attorneys' fees and costs upon dismissal of an

involuntary bankruptcy petition. 11 U.S.C. § 303(i)(1)(A)-(B). Statutory relief is unavailable only if all parties consent or the debtor waives relief. *Id.* § 303(i).

The bankruptcy court erred by interpreting the unambiguously discretionary language of the statute as *requiring* that all petitioners be joined and served with the motion because all were jointly and severally liable as a class. The BAP majority correctly recognized that a debtor may seek costs and fees from fewer than all petitioners. However, the majority erroneously adopted the bankruptcy court's interpretation of § 303(i) as incorporating the common law doctrine of joint and several liability. *See In re Maple-Whitworth*, 375 B.R. at 567-68 (citing only the Second and Third Restatements of Torts as authority).

The BAP's use of common law tort principles to interpret § 303(i) and to impose joint and several liability on all petitioners as a class is contrary to the individualized exercise of discretion unambiguously authorized by the statute, and ignores the consideration of the totality of the circumstances in imposing liability required by our precedent. *Higgins*, 379 F.3d at 705. As aptly observed in the BAP dissent:

> The majority's thorough discussion of joint and several liability, contribution and indemnity highlights the mischief that can occur by the wholesale application of common law tort concepts into an exclusively bankruptcy statutory cause of action.

*In re Maple-Whitworth*, 375 B.R. at 578-79 (Nielsen, B.J., dissenting).

**[2]** The BAP majority and dissent both recognized the broad discretion delegated to bankruptcy courts by § 303(i). *Id.* at 564-65, 577. In exercising its discretion, a bankruptcy court must consider the totality of the circumstances, not principles of tort liability. When an involuntary bankruptcy peti-

tion is dismissed, the debtor is presumed to be entitled to reasonable fees and costs. *Higgins*, 379 F.3d at 707. In exercising its discretion whether to award fees and costs, the bankruptcy court may consider factors such as relative culpability among the petitioners, the motives or objectives of individual petitioners in joining in the involuntary petition, the reasonableness of the respective conduct of the debtors and petitioners, and other individualized factors. *See id.* Tort concepts and class theories of liability are irrelevant to these discretionary and flexible considerations. In light of *Higgins*, a bankruptcy court has discretion to hold all or some petitioners jointly or severally liable for costs and fees, to apportion liability according to petitioners' relative responsibility or culpability, or to deny an award against some or all petitioners, depending on the totality of the circumstances.

**[3]** The involuntary bankruptcy petition against Maple-Whitworth was dismissed.[1] Accordingly, there was a rebuttable presumption it was entitled to reasonable fees and costs. *Id.* The burden was on Sofris to rebut the presumption by establishing that fees and costs were unwarranted under the totality of circumstances. *Id.* Sofris failed to do so. Even though the bankruptcy court applied an incorrect standard, it did not abuse its discretion in awarding attorneys' fees and costs against Sofris.

### The Waiver Defense

Sofris argues the bankruptcy court erred by not ruling on his defense that Maple-Whitworth waived § 303(i)(1) relief, based on the Nathan release. Maple-Whitworth contested Nathan's authority to release or waive its rights. The bankruptcy court declined to rule on this material issue of fact. If resolved in Sofris' favor, the Nathan release would preclude § 303(i) relief. The bankruptcy court deferred to pending state

---

[1]The bankruptcy court denied Maple-Whitworth's § 303(i)(2) claim for $100,000 in punitive damages because bad faith was not established.

court proceedings to resolve the issue of corporate control, and thus determine Nathan's authority to sign a release of the company's rights. At oral argument, Maple-Whitworth's counsel stated this issue is moot because the state court found that Nathan's faction did not own Maple-Whitworth, in practical effect nullifying his release. Sofris disputed whether the issue is moot.

**[4]** Section 303(i)(1) precludes relief to a prevailing debtor if it has waived that right. It was an abuse of discretion not to resolve the contested waiver issue before awarding fees and costs. This issue may well be moot in light of the intervening outcome of state court proceedings concerning corporate control. Nonetheless, the bankruptcy court has a non-delegable statutory obligation to make findings on this contested issue because it directly affects Maple-Whitworth's right to § 303(i)(1) relief. The case is remanded to the bankruptcy court for findings on the waiver issue.

The parties shall bear their own costs on appeal. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**