**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: MAPLE-
WHITWORTH, INC.,

          *Debtor*

———————————————

MICHAEL N. SOFRIS, aka Sofris
APC,

          *Appellant,*

v.

MAPLE-WHITWORTH, INC.; UNITED
STATES TRUSTEE; LARRY
WEINSTOCK; MICA BINTU-BROWN;
and EMANUEL PEREZ,

          *Appellees.*

No. 07-56537

BAP No.
CC-06-01098-KNB
Central District of
California,
Los Angeles

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Nielsen, and Brandt, Bankruptcy Judges, Presiding

Argued and Submitted
December 9, 2008—Pasadena, California

Filed March 11, 2009

Before: John T. Noonan and Barry G. Silverman,
Circuit Judges, and Suzanne B. Conlon,* District Judge.

Opinion by Judge Conlon

———————————————

*The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

---

**COUNSEL**

Michael N. Sofris, Michael N. Sofris APC, Beverly Hills, California, for the appellant Michael N. Sofris, aka Sofris APC.

Jerry Kaplan; David Scott Kadin, Kaplan, Kenegos & Kadin, Beverly Hills, California, for the appellee Maple-Whitworth, Inc.

---

**OPINION**

CONLON, District Judge:

This court's February 10, 2009 opinion recounts that Sofris, joined by others in the Mayman-Nathan faction, filed an involuntary Chapter 7 petition against Maple-Whitworth under 11 U.S.C. § 303(a)-(b). *Michael N. Sofris, aka Sofris APC v. Maple-Whitworth, Inc.* (*In re Maple-Whitworth, Inc.*), ___ F.3d ___, No. 07-56537, 2009 WL 310902, at *1 (9th Cir. Feb. 10, 2009). This statement adopts the Bankruptcy Appellate Panel's characterization of the involuntary petition as a Chapter 7 petition. *Michael N. Sofris, APC v. Maple-Whitworth, Inc.* (*In re Maple-Whitworth, Inc.*), 375 B.R. 558, 563 (B.A.P. 9th Cir. 2007). Sofris filed a notice of errata stating that the involuntary petition was a Chapter 11 petition. No objection to the notice of errata has been filed. The record confirms that the involuntary petition sought relief under

Chapter 11. The February 10, 2009 opinion is corrected to reflect that the involuntary petition invoked Chapter 11, not Chapter 7.