In re: Mark Foxton MARING, individually and as successor in interest to f/v Tiger, Inc.; Frances M. Inc.; Mark F. Maring Enterprises 11 Inc.; Polmar Fisheries Inc.; Polmar International Inc.; Polmar International I LLC, all Washington companies, Debtors,

**Mark Foxton Maring, Appellant,**

**v.**

**PG Alaska Crab Investment Co. LLC, Appellee.**

No. 08–35471.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed July 14, 2009.

Terrence Joseph Donahue, Esquire, Alexander Sether Kleinberg, Eisenhower & Carlson, PLLC, Tacoma, WA, for Appellant.

Gayle E. Bush, Christine M. Tobin, Bankruptcy Counsel, Bush, Strout & Kornfeld, Seattle, WA, for Appellee.

Before: CANBY and N.R. SMITH, Circuit Judges, and PRO,* District Judge.

## MEMORANDUM **

Appellant Mark Foxton Maring, the debtor in this Chapter 7 bankruptcy pro-

---

* The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ceeding, appeals the district court's affirmance of a bankruptcy court's judgment denying him a discharge in bankruptcy. The judgment was the result of a complaint objecting to discharge filed by PG Alaska Crab Investment Co. ("PG Alaska"). After a two-day bench trial, the bankruptcy court denied discharge under 11 U.S.C. § 727(a)(4) on the grounds that Maring failed to disclose a $50,000 transfer to his ex-girlfriend on his statement of financial affairs and that he gave false deposition testimony regarding the dates on which he prepared promissory notes related to a proof of claim filed by his mother. We review the bankruptcy court's conclusions of law de novo, and its factual findings regarding fraudulent intent and materiality for clear error. *In re Maple–Whitworth,* 556 F.3d 742, 745 (9th Cir.2009); *In re Candland,* 90 F.3d 1466, 1469 (9th Cir.1996).

Maring attacks the district court judgment primarily on four grounds: 1) PG Alaska's amended complaint was filed untimely; 2) the bankruptcy court did not explicitly find that Maring's omission and false testimony were done "knowingly and fraudulently" and were "material" to Maring's bankruptcy; 3) neither of the cited grounds suffice to support a denial of discharge; and 4) the bankruptcy court inappropriately refused to entertain Maring's claim that he acted upon the advice of counsel. We reject all four challenges and affirm the result of the district court.

■ First, Maring's challenge to PG Alaska's filing of an amended complaint cannot be entertained at this late stage. *See Kontrick v. Ryan,* 540 U.S. 443, 460, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) ("No reasonable construction of complaint-processing rules ... would allow a litigant ... to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits."). Not only was this challenge not

raised before the case was fully adjudicated in the bankruptcy court, but Maring affirmatively consented to the filing of the amended complaint. His generalized statement at that time reserving "any defenses" cannot overcome his explicit consent and stipulation to the filing of the amended complaint.

■ Second, Maring correctly notes that a discharge can be denied under § 727 only upon a finding that the debtor "knowingly and fraudulently" made a false oath that was "material" to the bankruptcy. 11 U.S.C. § 727(a)(4)(A); *see also In re Roberts,* 331 B.R. 876, 882 (9th Cir. BAP2005). A bankruptcy judge, however, need not "explicitly say that [a debtor] acted with a knowing and fraudulent intent" so long as "its oral ruling [makes clear] that it properly applied the correct legal standards." *In re Khalil,* 379 B.R. 163, 175 (9th Cir. BAP 2007). In this case, the bankruptcy court repeatedly framed the inquiry in the appropriate terms and under the appropriate standard. There is no doubt the bankruptcy judge found Maring's omission and false testimony to be knowing, intentionally fraudulent, and material.

■ Third, the bankruptcy court's denial of discharge on the two stated grounds was not clearly erroneous. The transfer to Maring's ex-girlfriend bears several of the "badges of fraud" laid out in *In re Woodfield,* 978 F.2d 516, 518 (9th Cir. 1992). Maring's only explanation for his repeatedly incorrect and shifting testimony regarding the fraudulently backdated promissory notes to his mother is that he was "unprepared" to answer questions on that topic at his deposition. It was not clearly erroneous for the district court to reject this explanation and find that Maring's testimony was intentionally fraudulent. We also reject Maring's claim that these two grounds were not "material" to

his bankruptcy proceeding because neither "concern property of Maring's bankruptcy estate"; this claim is true only if Maring was not in fact trying to defraud his creditors, but the record shows evidence of significant fraudulent activity aimed at doing precisely that. It was not clearly erroneous for the district court to disbelieve Maring's version of events.

■ Finally, the advice of counsel defense was appropriately rejected by the district court. It is true that *"[g]enerally, a debtor who acts in reliance on the advice of his attorney lacks the intent required to deny him a discharge of his debts." In re Adeeb,* 787 F.2d 1339, 1343 (9th Cir.1986) (emphasis added). That reliance, however, must be "in good faith." *Id.* This court has held that the advice of counsel claim is not a separate defense, but rather "a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." *Bisno v. U.S.,* 299 F.2d 711, 719 (9th Cir.1961). Given the ample evidence of fraudulent intent, the bankruptcy court did not err in finding that the defense was "not applicable" to Maring, in part because of his status as a "well-educated, long-experienced and sophisticated businessman." *See In re Muscatell,* 113 B.R. 72, 75 (Bankr.M.D.Fla. 1990) (rejecting advice of counsel defense in part because debtor was "a sophisticated and experienced businessman").

**AFFIRMED.**