**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  C & C JEWELRY MFG., INC., a California corporation,<br><br>Debtor. | No. 09-60024<br><br>BAP No. CC-08-1267-HMoMk |
| C & C JEWELRY MFG., INC., a California corporation,<br><br>Appellant,<br><br>  v.<br><br>LAXMI JEWEL INC.; et al.,<br><br>Appellees. | MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Montali, and Markell, Bankruptcy Judges, Presiding

Submitted April 7, 2010**
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

In this bankruptcy case, Debtor C & C Jewelry Manufacturing, Inc., argues that the bankruptcy court, which the Bankruptcy Appellate Panel (BAP) affirmed, abused its discretion by denying fees and costs and erred by refusing to award damages. We review the BAP's decision de novo. Sofris v. Maple-Whitworth, Inc. (In re Maple-Whitworth, Inc.), 556 F.3d 742, 745 (9th Cir. 2009). We review the bankruptcy court's findings of fact for clear error and its decision regarding attorney fees and costs for abuse of discretion. Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 705 (9th Cir. 2004). We affirm in part and vacate and remand in part.

1. Debtor, which achieved dismissal of the petitioning creditors' involuntary petition on summary judgment, was eligible for an award of attorney fees and costs under 11 U.S.C. § 303(i). It was "the petitioning creditors' burden to establish, under the totality of the circumstances, that factors exist which overcome the presumption" that Debtor should receive fees and costs. Id. at 707 (internal quotation marks omitted). Higgins set out several factors that the court should consider, along with any other relevant factors. Id. at 707-08.

Here, the bankruptcy court stated without elaboration that the petitioning creditors had rebutted the presumption in Debtor's favor. The court failed to mention any of the Higgins factors, saying only that it had evaluated "all of the

2

factors relevant to this case" and had decided that an award of fees was not appropriate.

Those conclusory statements do not allow us to understand the grounds for the bankruptcy court's decision, and no grounds are apparent from the surrounding context. The standard for adequacy of findings is "whether they are explicit enough on the ultimate issues to give the appellate court a clear understanding of the basis of the decision and to enable it to determine the grounds on which the trial court reached its decision." Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999) (internal quotation marks omitted). In the absence of an explanation as to how the district court exercised its discretion, we cannot assess whether that discretion was abused. Stewart v. Gates, 987 F.2d 1450, 1454 (9th Cir. 1993).

Because the bankruptcy court's findings and explanation are inadequate for appellate review, we vacate and remand the decision denying fees and costs. See, e.g., McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 323 (9th Cir. 1987), disagreed with on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 525-26 (1994). Whatever the court's decision on remand, whether to grant or deny fees and costs, the court should make explicit its findings of fact and the reasons for its decision.

2. Title 11 U.S.C. § 303(i)(2) authorizes an award of damages "against any petitioner that filed the petition in bad faith." Although the court made no formal finding regarding bad faith, the court in its tentative ruling wrote that it intended to deny damages because "the court does not find that the involuntary petition was filed in bad faith." At argument on the motion, Debtor acknowledged the clarity of that tentative ruling and did not attempt to dissuade the court on that point.

That ruling was sufficiently definite that we can review it as a finding of fact that the involuntary petition was not filed in bad faith. The finding is not clearly erroneous. A presumption of good faith accompanies the filing of an involuntary petition. In re Mi La Sul, 380 B.R. 546, 557 (Bankr. C.D. Cal. 2007); In re Molen Drilling Co., 68 B.R. 840, 843 (Bankr. D. Mont. 1987). Bad faith is measured by an objective test—what a reasonable person would believe. Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.), 61 B.R. 614, 620 (9th Cir. B.A.P. 1986). The evidence here would support a finding that the petitioning creditors sought to avoid preference to some creditors, to recover transferred assets, and to prevent the use of an alter ego to avoid payment of debts, none of which is an improper purpose and all of which were objectively reasonable at the time of the filing. The ultimate disposition of the involuntary petition does not, by itself, show bad faith. Accordingly, the denial of damages is affirmed.

4

Denial of damages AFFIRMED; denial of attorney fees and costs

VACATED and REMANDED.  The parties shall bear their own costs on appeal.