FILED

NOV 07 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-12-1111-HHaMk |
| IMANI FE, LP, AKA Abs Bricker, LLC, AKA Abs Hollywood, LLC, AKA Abs Imani Fe, LLC, AKA Abs Magnolia, LLC, AKA Abs Mayer Bricker, LLC, AKA Abs Properties, Inc., AKA Advanced Business Solutions, LLC, | Bk. No.   11-20598-PC |
| Debtor. | |
| HILROCK CORPORATION; ALBERTO MAKABALI; ROBERT BOGHOZIAN, | |
| Appellants, | |
| v. | **M E M O R A N D U M**[1] |
| IMANI FE, LP, | |
| Appellee. | |

Argued and Submitted on September 21, 2012
at Pasadena, California

Filed - November 7, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Chief Bankruptcy Judge, Presiding

Appearances:     Derek L. Tabone, of the Law Offices of Tabone, APC, argued for the Appellants; Louis J. Cisz, III, of Nixon Peabody LLP, argued for the Appellee.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: HOLLOWELL, HAMMOND[2] and MARKELL, Bankruptcy Judges.

This appeal stems from the bankruptcy court's refusal to continue a hearing on a motion to dismiss an involuntary bankruptcy petition that the appellants brought against the appellee, and the subsequent entry of an award of fees in the appellee's favor. We AFFIRM.

## I. FACTS

Imani Fe was organized for the purpose of acquiring and developing an affordable housing project in South Central Los Angeles (the Project). Imani Fe hired Hilrock Corporation (Hilrock) as the general contractor on the Project. Hilrock, in turn, hired various subcontractors, including Coast to Coast Associates (Coast to Coast) and KR Electric. A dispute arose between Hilrock and the managing member of Imani Fe's general partner. Hilrock contended that it did not receive full payment for overhead and profit on the Project and that it was not reimbursed for advance costs and change orders. As a result, Hilrock recorded a mechanic's lien against the Property. In September 2010, Hilrock brought a state court action against Imani Fe for breach of contract, alleging damages in excess of $4.9 million and to foreclose on the lien.

On March 11, 2011, Toshio Kato aka Hilrock, along with Alberto Makabali aka Coast to Coast, and Robert Boghozian dba

---

[2] Hon. M. Elaine Hammond, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

-2-

KR Electric (the Petitioning Creditors) filed a chapter 7[3] involuntary petition (Petition) against Imani Fe. The Petitioning Creditors asserted claims for unpaid contractor work performed on the Project. Hilrock asserted a claim of $4,950,102.43; Coast to Coast asserted a claim of $21,500.00 and KR Electric asserted a claim of $22,766.69.[4]

On March 30, 2011, Imani Fe filed an answer contesting the petition and denying all material allegations. Imani Fe asserted that the Petitioning Creditors were ineligible to file the Petition because they did not hold three separate and distinct claims and held claims subject to a bona fide dispute. A status conference on the Petition was continued several times while the parties conducted discovery. During that time, Imani Fe successfully defended against two motions for relief from stay filed by Wilshire State Bank, whose claim was secured by the Property.

After concluding discovery, the Debtor filed, on October 11, 2011, a summary motion to dismiss the Petition or summary adjudication (Motion to Dismiss). Imani Fe asserted that deposition testimony from Coast to Coast and KR Electric

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] Holding the largest claim, Hilrock has been the creditor most involved in the Petition. Hilrock's counsel is also counsel for Coast to Coast and KR Electric. Throughout the case, Hilrock has taken the lead on preparing briefs and appearing at hearings for the Petitioning Creditors.

established that they were not its creditors, but creditors of Hilrock. Imani Fe also asserted that Hilrock admitted that part of its claim was invalid. Therefore, Imani Fe contended that Hilrock's claim was subject to a bona fide dispute as to liability and amount. As a result, Imani Fe argued that the Petitioning Creditors were ineligible to file the Petition and that the Petition was filed in bad faith. Imani Fe requested that the bankruptcy court dismiss the Petition and retain jurisdiction to decide whether to award attorneys' fees, costs and/or punitive damages. A hearing on the Motion to Dismiss was set for November 22, 2011.

On November 1, 2011, Hilrock filed an ex-parte application to continue the hearing on the Motion to Dismiss for 30 days (Motion to Continue). Hilrock asserted that its principal, Gerald Schneiderman, had been hospitalized from October 8-25 (with hydrocephalus, which required brain surgery) and was readmitted on October 31, 2011. Thus, Hilrock asserted that due to Mr. Schneiderman's unavailability, it was unable to draft an opposition to the Motion to Dismiss.

Neither Coast to Coast nor KR Electric filed a separate opposition to the Motion to Dismiss and Imani Fe filed a notice of their non-opposition on November 2, 2011. Hilrock filed a reply to the non-opposition, stating that the Petitioning Creditors anticipated filing a joint opposition to the Motion to Dismiss, but were hampered by Mr. Schneiderman's hospitalization. Imani Fe filed an opposition to the Motion to Continue, alleging that counsel for Hilrock had not contacted it regarding a stipulation and had not sufficiently explained why other members

of Hilrock, Coast to Coast, or KR Electric could not assist in filing an opposition. No opposition to the Motion to Dismiss was ever filed by any of the Petitioning Creditors; the Motion to Dismiss was therefore unopposed.

On November 8, 2011, the bankruptcy court entered an order denying the Motion to Continue. The hearing on the Motion to Dismiss went forward as scheduled on November 22, 2011. Counsel for the Petitioning Creditors asserted that he was unaware that the Motion to Continue had been denied until he checked the docket before the hearing. The bankruptcy court then retrieved and reviewed the case docket, and noted that it waited for Imani Fe's opposition to the Motion to Continue before ruling, that it docketed the order denying the Motion to Continue, and that the clerk's office sent, the same day, both electronic and mail notifications of the order to all parties. The bankruptcy court also noted that there was no response filed to the Motion to Dismiss. Therefore, the bankruptcy court orally ruled that:

> there being no response in opposition, and based upon the evidence in support of the [Motion to Dismiss], the Court will adopt the statement of uncontroverted facts and conclusions of law in support of the summary motion to dismiss and grant the summary motion to dismiss, the involuntary petition against the alleged Debtor Imani Fe, L.P. and reserve jurisdiction over any issue concerning attorney's fees and costs under Section 303 of the Bankruptcy Code.

Hr'g Tr. (Nov. 22, 2011) at 4:2-9.

The bankruptcy court subsequently entered its order granting the Motion to Dismiss (Dismissal Order) and retaining jurisdiction to determine any motion brought under § 303(I) on

November 28, 2011. The Petitioning Creditors did not appeal the Dismissal Order.[5]

On January 13, 2012, the Debtor filed a motion pursuant to § 303(I) requesting $373,654.69 in attorneys' fees and $200,000 in punitive damages (Fee Request).

The Petitioning Creditors opposed the Fee Request. In their opposition, the Petitioning Creditors asserted that the Fee Request was untimely under the Rules because it was not filed within 14 days of the Dismissal Order. The Petitioning Creditors also argued the merits of the Petition and contended there was no dispute as to Imani Fe's liability or the amount of Hilrock's claim. The Petitioning Creditors asserted that Imani Fe's actions led the Petitioning Creditors to initiate litigation, not any frivolous motives on the part of the Petitioning Creditors. They also asserted that the amount of the requested attorneys' fees was excessive and unreasonable. Finally, the Petitioning Creditors asserted that any fees awarded should be offset by the amount Imani Fe owed them and that no punitive or other damages should be awarded.

A hearing on the Fee Request was held on February 7, 2012. At the hearing, the Petitioning Creditors reiterated their argument that the Fee Request was untimely, citing the Local Bankruptcy Rules (LBR). However, the bankruptcy court concluded that a bankruptcy rule could not abridge a substantive right provided by the Bankruptcy Code. Additionally, the bankruptcy

_____

[5] The Petitioning Creditors assert that they were unable to prepare a response to the Dismissal Order due to Mr. Schneiderman's poor health. He died on December 8, 2011.

court determined that the Petitioning Creditors were not entitled to setoff. It found the amount of the attorneys' fees requested was not unreasonable and that the costs were actually incurred and necessary in defending against the Petition. However, the bankruptcy court did not find that there was bad faith in conjunction with the filing of the Petition, and therefore, it denied Imani Fe's request for punitive damages.

An order granting, in part, the Fee Request was entered on February 15, 2012, awarding judgment against the Petitioning Creditors jointly and severally in the amount of $373,654.69 (Fee Award). A judgment was entered the same day. The Petitioning Creditors timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

What is the scope of the appeal?

Did the bankruptcy court abuse its discretion in awarding attorneys' fees and costs to Imani Fe?

## IV. STANDARDS OF REVIEW

We address the question of our jurisdiction de novo. Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

We review the bankruptcy court's decision to award fees for an abuse of discretion. Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Devs., Inc. (In re S. Cal. Sunbelt Devs., Inc.), 608 F.3d 456, 464 n.3 (9th Cir. 2010)("The court retains broad discretion

-7-

to fashion a fee award under § 303(I)."); Higgins v. Vortex Fishing Sys., 379 F.3d 701, 705 (9th Cir. 2004).

A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

## V. DISCUSSION

### A. Scope of the Appeal

The main argument presented by the Petitioning Creditors on appeal is that the bankruptcy court abused its discretion in denying the Motion to Continue and entering the Dismissal Order. However, the only order that the Petitioning Creditors appealed was the Fee Award. Nevertheless, the Petitioning Creditors assert that the Motion to Continue and the Dismissal Order merged into the only final judgment in the case from which to appeal, namely, the Fee Award. They are incorrect.

Before the bankruptcy court entered a judgment against the Petitioning Creditors awarding Imani Fe attorneys' fees and costs associated with challenging the Petition, it entered an order dismissing the Petition. A dismissal of an involuntary bankruptcy petition is a final order. See Coop. Supply Inc. v. Corn-Pro Nonstock Coop., Inc. (In re Corn-Pro Nonstock Coop., Inc.), 317 B.R. 56, 58 (8th Cir. BAP 2004). An order is final if it contains "'a complete act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the

-8-

judge's intention that it be the court's final act in the matter." Brown v. Wilshire Credit Corp. (In re Brown), 484 F.3d 1116, 1120 (9th Cir. 2007)(citing Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990)).

Unlike final orders, interlocutory orders decide merely one aspect of the case without disposing of the case in its entirety on the merits. See U.S. v. Real Prop. Located at 475 Martin Ln., Beverly Hills, Cal., 545 F.3d 1134, 1141 (9th Cir. 2008); Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 897 (9th Cir. 2001). A court's ruling on a motion to continue does not end the litigation. Therefore, a denial of a motion to continue merges into the final order deciding the merits. Id.; Am. Ironworks, 248 F.3d at 897 ("An interlocutory order becomes appealable when final judgment is entered."); Munoz v. Small Bus. Admin., 644 F.2d 1361, 1364 (9th Cir. 1981) (an appeal from a final judgment draws in question all earlier non-final orders and all rulings which produced the judgment). Consequently, the bankruptcy court's denial of the Motion to Continue merged into the final order that ended the involuntary bankruptcy case on its merits, the Dismissal Order.

Once an order is final, it triggers the time in which to appeal. Rule 8002(a). Our jurisdiction extends only over appeals that have been filed within 14 days of entry of a final order. Rule 8002(a); 28 U.S.C. § 158. No appeal was taken of the Dismissal Order.

The bankruptcy court may not award attorneys' fees and costs prior to a determination of whether dismissal of the involuntary

petition is warranted.  11 U.S.C. § 303(i); <u>In re Corn-Pro</u> <u>Nonstock Coop., Inc.</u>, 317 B.R. at 58 ("The plain language of [§ 303(i)] requires dismissal before the alleged debtor becomes entitled to damages.").  By its language, § 303(i) contemplates sanctions only <u>after</u> the validity of the petition has been determined and a dismissal has been entered.  The imposition of costs, attorneys' fees and or damages under § 303(i) "requires inquiry into and determination of a collateral issue only; it does not require any further judgment on the merits of the action."  <u>In re Tobacco Rd. Assocs., LP</u>, 2007 WL 966507, *21 (E.D. Pa. Mar. 30, 2007); <u>see also</u>, <u>Higgins</u> 379 F.3d at 707 (by the time a motion for fees is decided, the court has already heard all the evidence surrounding dismissal).

The Petitioning Creditors argue that because the bankruptcy court retained jurisdiction after the case was dismissed in order to rule on a subsequent § 303(i) motion, the Dismissal Order was not final until the fee issue was resolved.  However, there was no pending request for fees under § 303(i) at the time the bankruptcy court considered the Motion to Dismiss.  A court may preserve its jurisdiction to issue fees when it otherwise may be divested of jurisdiction upon dismissal of a proceeding or due to an appeal.  <u>Lindblade v. Knupfer (In re Dyer)</u>, 322 F.3d 1178, 1186 (9th Cir. 2003) ("[W]e have held that unresolved issues related to attorneys' fees do not defeat finality, regardless of whether the attorneys' fees are available under a statute, by contract, or as a sanction for bad faith litigation.").

Because the Petitioning Creditors failed to appeal the Dismissal Order, we have no jurisdiction to review the merits of

-10-

whether the dismissal was appropriate or whether the bankruptcy court abused its discretion in denying the Motion to Continue. Therefore, we address below only whether the bankruptcy court abused its discretion in entering the Fee Award.

**B.     Timeliness of Fee Request**

The Petitioning Creditors argue that the Fee Request was untimely.  In the bankruptcy court, the Petitioning Creditors argued that the Fee Request was untimely under Rule 7054, incorporating Civil Rule 54.  They asserted that under Civil Rule 54(d), the Fee Request was required to have been filed within 14 days from the entry of the Dismissal Order.  At the hearing on the Fee Request, and in their brief on appeal, the Petitioning Creditors asserted that the LBRs[6] imposed a deadline of 30-days after the Dismissal Order for the filing of the Fee Request.  For the reasons given below, we conclude that neither timeframe constrains a motion for attorneys' fees under § 303(i)(1).

Civil Rule 54(d) provides that a claim for prevailing party's attorneys' fees be made by motion no later than 14 days after entry of a judgment.  Rule 7054 incorporates part of Civil Rule 54 in adversary proceedings, but does not incorporate subsection (d).  Therefore, Civil Rule 54(d) is inapplicable to bankruptcy proceedings.

LBR 7054-1 allows a prevailing party to seek an award of costs and attorneys' fees:

_____

[6] At the hearing, counsel for the Petitioning Creditors could not specifically identify which LBR applied.  However, in their brief on appeal, they assert it is LBR 7054-1.

-11-

    (c) Bill of Costs

        The prevailing party who is awarded costs shall have 30 days after entry of judgment to file and serve a Bill of Costs. . . .

    (g) Motion for Attorneys' Fees
        If not previously determined at trial or other hearing, a party seeking an award of attorneys' fees where such fees may be awarded must file and serve a motion not later than 30 days after the entry of judgment or other final order, unless otherwise ordered by the court. . . .

LBR 7054-1.

Imani Fe's entitlement to fees is provided by § 303(I). Section 303(i)(1) permits an alleged debtor to bring a claim for an award of fees and costs if: (1) the involuntary petition was dismissed by the court; (2) the dismissal was not stipulated to by the debtor and all the petitioning creditors; and (3) the debtor did not waive its rights to judgment. 11 U.S.C. § 303(i)(1)(A)-(B). Additionally, the statute provides that in the event of bad faith, actual and punitive damages may be awarded. 11 U.S.C. § 303(i)(2); Jaffe v. Wavelength, Inc. (In re Wavelength, Inc.), 61 B.R. 614, 619 (9th Cir. BAP 1986).

Section 303(i)(1) does not provide a timeframe in which the motion must be made. The Bankruptcy Appellate Panel (BAP) has previously reviewed whether the timeframes of Civil Rule 54(d) and LBR 7054-1 apply to § 303(i) motions in an unpublished memorandum decision, Klein v. Cap. Fin., Inc. (In re Cap. Fin., Inc.), 2007 WL 7535047 (9th Cir. BAP Nov. 14, 2007)(unpublished). The BAP determined that LBR 7054-1 did not apply to involuntary petitions. Instead, it recognized that attorneys' fees under § 303(i) are "inherently different from a prevailing party statute" because § 303(i) is "'intended to be the exclusive

-12-

remedy for regulating abuse of the involuntary bankruptcy process.'" In re Cap. Fin., Inc., 2007 WL 7535047, at *6 (citing Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.), 370 B.R. 236, 249 (9th Cir. BAP 2007) (emphasis in original)). "The key distinction is that § 303(I) is substantive law providing an independent claim to an alleged debtor whenever an involuntary petition is dismissed without the alleged debtor having waived that claim." Id. at *5.

Furthermore, in making its decision, the BAP recognized that it would be incongruous and inefficient to demand that a motion for attorneys' fees under § 303(i)(1) be filed within a strict timeframe, while a motion for damages under § 303(i)(2) is not subject to a specific deadline. Id. at *6. Similarly, the BAP noted that if an order for relief had been entered, the petitioning creditors would be under no time constraint in seeking fees under § 503(b)(3)(A) and (b)(4). Thus, the BAP reasoned that it would be unfair to impose a deadline on the alleged debtor, who did not willingly participate in the bankruptcy process, but not on the petitioning creditors who participated on their own accord. Id.

We agree with the BAP's reasoning and conclusion that neither the Rules nor the LBRs regarding prevailing parties apply to motions for fees under § 303(I). Section 303(I) provides the alleged debtor an independent cause of action for attorneys' fees when it successfully defends against an involuntary petition.

-13-

Consequently, we conclude that the Fee Request was not untimely and the bankruptcy court did not err in ruling on its merits.[7]

## C.     Reasonableness of Fee Request

Section 303(I) states that the bankruptcy court may award fees and costs, rendering any award under § 303(I) discretionary. Higgins, 379 F.3d at 706.  However, in the Ninth Circuit there is a rebuttable presumption that a debtor who has successfully contested an involuntary petition will be awarded fees and costs. In re S. Cal. Sunbelt Devs., Inc., 608 F.3d at 462; In re Macke Int'l Trade, Inc., 370 B.R. at 250.  Indeed, "because of the adverse impact on the debtor and the need to encourage discretion in filing such cases, unsuccessful involuntary petitioners should routinely expect to pay the debtor's legal expenses arising from the involuntary filing."  Id.

The presumption imposes on petitioning creditors the burden of presenting evidence to meet the presumption, but it does not shift the burden of proof. See Fed. R. Evid. 301.  Petitioning creditors may overcome the presumption by demonstrating that an award of attorneys' fees and costs is inappropriate given the totality of the circumstances.  Sofris v. Maple-Whitworth, Inc. (Matter of Maple-Whitworth, Inc.), 556 F.3d 742, 746 (9th Cir. 2009); Higgins, 379 F.3d at 707.  Under a totality of the circumstances analysis, the bankruptcy court may consider: (1) the relative culpability among the petitioners, (2) the motives or objectives of individual petitioners in joining the

---

[7] Even if the LBRs did apply, LBR 1001-1(d) allows the bankruptcy court to waive the application of any LBR in its discretion and in the interest of justice.

-14-

involuntary petition, (3) the reasonableness of the respective conduct of the debtors and petitioners, and (4) other individualized factors. Higgins, 379 F.3d at 707-08. The list is not exhaustive. A bankruptcy court may choose to consider other material factors it deems relevant. Id.

The Petitioning Creditors asserted that Imani Fe should not have been entitled to fees because Imani Fe manipulated the accounting on the Project and shorted contractors on payments, thereby causing the Petitioning Creditors to file the Petition in order to recover what they should have been paid. See Opposition to Fee Request. When the bankruptcy court dismissed the Petition, it adopted the uncontroverted facts and conclusions of law submitted by Imani Fe. Thus, there are no facts to support the Petitioning Creditors' contention that Imani Fe acted inappropriately. The opportunity to rebut the presumption of fees "does not give the petitioning creditor license to . . . present evidence on an issue that has already been decided." Higgins, 379 F.3d at 707. Rather, all the evidence surrounding the dismissal was already presented to the bankruptcy court and taken into account in deciding whether to award fees. The merits of the Petition were resolved by summary judgment in favor of Imani Fe.

The Petitioning Creditors also asserted that Imani Fe's attorneys' fees were excessive and unreasonable and that Imani Fe "overworked the case." They contended that the amount of hours expended in conducting discovery and preparing briefs in the case was unreasonable. Imani Fe submitted, with its Fee Request, declarations from its attorneys stating that the services

-15-

performed in defending the Petition were necessary, including researching the issues raised by the Petition, responding to Wilshire Bank's motions for stay relief, preparing multiple briefs, responses, and replies to oppositions, preparing for and attending multiple hearings in the case, and also in conducting discovery regarding the nature and extent of the Petitioning Creditors' asserted claims.

The bankruptcy court found that the Petitioning Creditors offered no evidence that the legal work performed by Imani Fe was not actually performed or that it was unnecessary to defend against the Petition. Indeed, while the Petitioning Creditors asserted that the practice of an attorney billing for analyzing the work of another attorney resulted in what they considered to be excessive hours worked in the case, they failed to point to itemized instances or charges that required a specific reduction from the overall award. They simply asserted that the bankruptcy court should reduce at least by half the amount of fees requested by Imani Fe. They based this assertion on case law, not on a calculation that deducted what they considered to be unreasonable charges. See Opposition to Fee Request.

The bankruptcy court determined that the Petitioning Creditors failed to rebut the presumption of the award of fees. Furthermore, the bankruptcy court independently reviewed Imani Fe's Fee Request, which was supported by itemized time records describing the work performed by various members of Imani Fe's attorneys and their staff throughout in the case. It found that the hourly rates that were charged for the work were within the customary range for the Central District of California.

Additionally, the bankruptcy court considered the merits of the Petition and found no improper conduct on the part of Imani Fe. Similarly, the bankruptcy court did not find that the Petitioning Creditors acted in bad faith by bringing the Petition, although it noted that Coast to Coast and KR Electric may not have fully understood the consequences of filing the Petition. It determined that:

> the motivations and objectives behind the filing of the involuntary petition [did not] weigh in favor of a reduction of fees under the circumstances of this case, particularly in light of the findings and conclusions made by the Court in conjunction with the summary judgment entered in this case, which is a final judgment of the Court.

Hr'g Tr. at 12: 10-18. Based on its findings, the bankruptcy court refused to award punitive damages.

The bankruptcy court properly evaluated relevant factors in its review of the totality of the circumstances. Based on our review of the record, we conclude that the bankruptcy court's decision was not illogical, implausible, or unsupported by the record. As a result, the bankruptcy court did not abuse its discretion in entering the Fee Award.

The Petitioning Creditors assert that any award of fees should be offset by the amount of debt that Imani Fe owes them. The BAP has previously addressed whether setoff is appropriate under § 303(i) motions and concluded that because the section is remedial in nature, setoff is impermissible. In re Macke Int'l Trade, Inc., 370 B.R. at 255 (citations omitted). "If setoff were allowed, there would be little downside to a creditor's resort to an involuntary bankruptcy petition against a debtor, even if its conduct did not rise to the level of 'bad faith.'"

*Id.* Moreover, the Bankruptcy Code allows offset only of "a mutual debt owing by such creditor to the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 553(a). There is no evidence in the record that there was a mutual debt owing before the Petition was filed. Therefore, the bankruptcy court did not abuse its discretion in denying any offset of the Fee Award.

## VI. CONCLUSION

For the reasons given above, we AFFIRM the Fee Award.